**GRIFFITH, Plaintiff-Appellant, v. WESTERN & SOUTHERN LIFE INSURANCE COMPANY, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4863.   Decided September 25, 1953.

Donald S. McNamara, Columbus, for plaintiff-appellant.

Vorys, Sater, Seymour & Pease, Russell P. Herrold, Jr., of Counsel, Columbus, for defendant-appellee.

## OPINION

By HORNBECK, J.

This is an appeal from a judgment of the Municipal Court in favor of the defendant. Plaintiff was the insured in a policy of defendant in the sum of $500.00. Among other provisions as to additional benefits were the following:

"* * * If the insured shall lose by severance one hand or one foot the Company will, upon receipt of due proof and subject to the provisions hereof, pay one-half of said amount. * * * In all cases these benefits shall be granted only if such loss occurs prior to the assured's attaining the age of 75 years and solely as the result of disease contracted after or injury sustained after the date of this policy."

Plaintiff avers payment of the premiums, claims $250.00, being one-half the face amount of the policy and pleads refusal of the company to pay the claim.

The policy was issued on December 26, 1949, and it will be noted that the loss of the leg occurred some thirteen months after the issuance of the policy.

The answer was a general denial by way of a first defense, and a second defense that "the loss of said leg did not occur solely as the result of disease contracted after or injury sustained after the date of said policy, to wit, December 26, 1949."

Although neither party pleads it and the policy is not attached to the petition or made a part of the bill of exceptions, it is stated and seems to be conceded that it had the following incontestable clause:

"This policy shall be incontestable after it has been in force during the lifetime of the insured for a period of one year from its date of issue, except for nonpayment of premiums."

The cause was tried to a judge without a jury, who found generally for the defendant with no special findings of fact and law. Appellant states two propositions for consideration and determination on this appeal:

(1) Does a clause forbidding a contest of the policy prevent the insurer from defending a claim on the ground that the claim was not one which was insured against by the policy?

(2) Does the evidence in the record manifestly show that the insured lost his leg solely as the result of disease or injury contracted or sustained after December 26, 1949?

We support the judgment as against the claim of appellant as to the first proposition upon the authority of **John Hancock Mutual Life Ins. Co. v. Hicks, 43 Oh Ap 242,** an opinion by a member of this Court.

**122**

We support the judgment on the second proposition because there is probative and substantial evidence by medical experts to the effect that the amputation of the leg was not caused solely by reason of disease or injury contracted or sustained after December 26, 1949. Two doctors testified that the causative and determinative factors necessitating the amputation of the leg were diabetes and arterioschlerosis from both of which plaintiff suffered prior to the issuance of the policy.

The judgment will be affirmed.

WISEMAN, PJ, MILLER, J, concur.